Amanda C. Yen (NSBN 9726)
Kristen T. Gallagher (NSBN 9561)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
ayen@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

David P. Shouvlin
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Telephone: 614.227.2045
dshouvlin@porterwright.com
(admitted *pro hac vice*)

*Attorneys for Konecranes Global Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KONECRANES GLOBAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MODE TECH (Beijing) Co., Ltd.,<br><br>Defendant. | Case No.: 2:18-cv-02015-GMN-NJK<br><br>**AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED FOR A PATENT CASE** |

Pursuant to the Court's Orders dated April 5, 2019 and April 8, 2019, as well as Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Local Patent Rules, Plaintiff Konecranes Global Corporation ("Konecranes") and Defendant Mode Tech (Beijing) Co., Ltd. ("Mode Tech") submit the below-provided Amended Discovery Plan and Scheduling Order. The parties have amended the Discovery Plan and Scheduling Order to reflect that this plan is agreed upon and not a "tentative" plan.[1]

Furthermore, in accordance with Local Rule 26-1(a), which states, in part, "Plans requesting special scheduling review must include, in addition to the information required by Fed. R. Civ. P. 26(f) and LR 26-1(b), a statement of the reasons why longer or different time

---
[1] The parties used the term "tentative" in the sense that it was not final until the Court entered an order on the proposed submission. With this clarification, the parties respectfully suggest that the Court may vacate the April 30, 2019 Scheduling Conference. (ECF No. 47).

periods should apply to the case," LR 26-1(a), the parties provide the following statement: The parties request this limited additional time in light of Mode Tech's Motion to Dismiss for Failure to Properly Effectuate Service of Process, ECF No. 30. The motion is fully briefed and before the Court. In addition, Plaintiff Konecranes is based in Hyvinkää, Finland, and Defendant Mode Tech is based in Beijing, China; facilitating the claim construction and discovery processes internationally will likely require additional time.

I. **INFORMATION PROVIDED PURSUANT TO FED. R. CIV. P. 26(f) and LR 26-1**

    A. **Initial Disclosures:**

The parties propose to serve initial disclosure statements pursuant to Fed. R. Civ. P. 26(a)(1) no later than July 1, 2019.

    B. **Subjects, Timing, And Phasing Of Discovery:**

None.

    C. **Issues Regarding Disclosure Of Electronically Stored Information:**

The parties will prepare a detailed stipulation governing the discovery of electronically stored information, to be filed with the Court.

    D. **Issues About Claims Of Privilege/Protection Of Trial Preparation Materials:**

The parties intend to adopt the provisions set forth in Fed. R. Evid. 502(d) and (e) governing the inadvertent disclosure of privileged or protected documents. The parties shall submit the proposed protective order to the Court for its approval on or by July 1, 2019.

    E. **Changes Made in Limitations on Discovery:**

None.

    F. **Other Orders the Court Should Issue:**

None.

    G. **Alternative Dispute Resolution**.

Pursuant to LR 26-1(b)(7), the parties met and conferred about the possibility of using alternative dispute resolution processes, including mediation and arbitration.

**H.     Alternative Forms of Case Disposition.**

Pursuant to LR 26-1(b)(8), the parties considered consent to trial by a magistrate judge and use of the Short Trial Program.

**II.     SIGNATURES PURSUANT TO RULE 26**

This Plan is signed in accordance with Rule 26(g)(1) of the Federal Rules of Civil Procedure. Each signature constitutes a certification that to the best of the signer's knowledge, information and belief, formed after reasonable inquiry, the disclosures made by the signer are complete and correct as of this time.

**III.     THE PARTIES' PROPOSED DISCOVERY SCHEDULE**

Konecranes commenced this action on October 19, 2018, and contends it properly served Mode Tech personally on October 20, 2018, and by email on October 21, 2018. Mode Tech contends that Konecranes did not properly serve it, filed a motion to dismiss pursuant to Fed. R. Civ. Pro 12 (b)(5) on February 11, 2019, and contends that it should be served pursuant to the Hague Convention. The Court has not yet ruled on the motion. As a result, the parties have not exchanged any discovery or significant substantive information.

In response to the Order of the Court, the parties submit the following discovery schedule:

| Event | Deadline |
| --- | --- |
| Initial Rule 26 disclosures (Fed. R. Civ. P. 26) | July 1, 2019 |
| Disclosure of Asserted Claims and Infringement Contentions (LPR 1-6) and document production (LPR 1-7) | July 15, 2019 |
| Disclosure of non-infringement, invalidity, and unenforceability contentions and corresponding LPR 1-9 document production (LPR 1-11) | September 2, 2019 |
| Joint Protective Order (LPR 1-4) | July 1, 2019 |
| Deadline for filing Motion to Amend the Pleadings (LR 26-1(b)(2)) | September 2, 2019 |
| Deadline for adding parties (LR 26-1(b)(2)) | September 2, 2019 |
| Response to initial non-infringement, invalidity, and unenforceability contentions (LPR 1-11) | September 16, 2019 |
| Three Proposed Dates for Pre-Claim | July 23, 2019; July 29, 2019; July 30, |

3

| Construction Settlement Conference (LPR 1-19(a)) | 2019 |
| --- | --- |
| Exchange of proposed terms for construction (LPR 1-13) | October 1, 2019 |
| Exchange of preliminary claim constructions and extrinsic evidence (LPR 1-14) | October 15, 2019 |
| Joint claim construction and prehearing statement (LPR 1-15) | October 29, 2019 |
| Claim Construction Opening Brief (LPR 1-16) | November 19, 2019 |
| Claim Construction Responsive Briefs (LPR 1-16) | December 10, 2019 |
| Claim Construction Reply Briefs (LPR 1-16) | December 17, 2019 |
| Post-claim construction settlement conference (LPR 1-19) | Within 30 days after claim construction ruling |
| Close of fact discovery | 90 days after claim construction ruling |
| Interim Status Report (LR 26-3) | 60 days after claim construction ruling |
| Opening expert reports | 30 days after close of fact discovery |
| Rebuttal expert reports | 30 days after opening expert reports |
| Close of expert discovery | 21 days after rebuttal expert reports |
| Filing of dispositive motions (LR 26-1(b)(4)) | 30 days after close of expert discovery |
| Pretrial order (LR 26-1(b)(5)) | 30 days after decision on dispositive motions |
| Pretrial settlement conference (LPR 1-19(c)) | Within 30 days of filing pretrial order |

DATED this 15th day of April, 2019.

| BUETHER JOE & CARPENTER, LLC | McDONALD CARANO LLP |
| --- | --- |
| By: /s/ *Kenneth P. Kula*<br>Christopher M. Joe<br>Kenneth P. Kula<br>Brian A. Carpenter<br>1700 Pacific, Suite 4750<br>Dallas, TX 75201<br>Telephone: 214.466.1272<br>chris.joe@bjciplaw.com<br>ken.kula@bjciplaw.com<br>brian.carpenter@bjciplaw.com<br>(admitted *pro hac vice*)<br><br>Daniel T. Foley, Esq.<br>Nevada Bar No. 1078<br>FOLEY & OAKES, PC<br>1210 S. Valley View Blvd. #208<br>Las Vegas, NV 89102<br>Telephone: 702.384.2070<br>dan@foleyoakes.com<br><br>*Attorneys for Defendant Mode Tech (Beijing) Co., Ltd.* | /s/ *Kristen T. Gallagher*<br>Amanda C. Yen (NSBN 9726)<br>Kristen T. Gallagher (NSBN 9561)<br>2300 W. Sahara Avenue, Suite 1200<br>Las Vegas, NV 89102<br>Telephone: 702.873.4100<br>ayen @mcdonaldcarano.com<br>kgallagher@mcdonaldcarano.com<br><br>David P. Shouvlin<br>PORTER WRIGHT MORRIS & ARTHUR LLP<br>41 South High Street, Suite 2900<br>Columbus, OH 43215<br>Telephone: 614.227.2045<br>dshouvlin@porterwright.com<br>(admitted *pro hac vice*)<br><br>*Attorneys for Konecranes Global Corporation* |

4

**ORDER**

Based upon the stipulation of the parties and good cause appearing, the Court hereby approves the parties proposed Discovery Plan and Scheduling Order.

IT IS ORDERED that within 30 days after Initial Disclosures and Responses are complete, the parties must submit to a Pre-Claim Construction Settlement Conference as set by the Court.

IT IS FURTHER ORDERED that within 30 days after the Court enters a claim construction order, the parties must submit to a Post-Claim Construction Settlement Conference as set by the Court.

IT IS FURTHER ORDERED that any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. In the absence of an unexpected event, all motions or stipulations to extend discovery must be received by the court at least 21 days before the expiration of the subject deadline. A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

IT IS FURTHER ORDERED that if no dispositive motions are filed within the time specified in this order, the parties must file a written joint proposed pretrial order within 30 days of the dispositive motion cutoff. If dispositive motions are filed, the parties must file a written joint proposed pretrial order within 30 days of the date the Court enters a ruling on the

. . .

…

5

dispositive motions.  Within 30 days of the entry of a pretrial order, or as further ordered by the Court, the parties must submit to a pretrial settlement conference.

The Court VACATES its order at Docket No. 49.  The Court GRANTS the parties' amended discovery plan at Docket No. 48 and DENIES the discovery plan at Docket No. 46.

The Court VACATES the scheduling conference set for April 30, 2019, at 10:00 a.m.

IT IS SO ORDERED.

DATED:  April 30, 2019

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE