|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| KONECRANES GLOBAL CORPORATION, ) | | |
| ) | | |
| Plaintiff, ) | | Case No.: 2:18-cv-02015-GMN-NJK |
| vs. ) | | |
| ) | | **ORDER** |
| MODE TECH (BEIJING) CO., LTD., ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

Pending before the Court is the Motion to Dismiss, (ECF No. 30), filed by Defendant Mode Tech (Beijing) Co., Ltd. ("Mode Tech"). Plaintiff Konecranes Global Corporation ("Plaintiff") filed a Response, (ECF No. 41), and Mode Tech filed a Reply, (ECF No. 42).

For the reasons addressed below, the Motion to Dismiss is **GRANTED in part** and **DENIED in part.**

# I. BACKGROUND

This dispute arises from Mode Tech's alleged attempt to market and sell products that infringe upon Plaintiff's patent at a trade show in Las Vegas, Nevada. Plaintiff is assignee of U.S. Patent No. 8,096,528 (the "'528 Patent"), entitled "Chain Sprocket with Increased Capacity," and issued on January 17, 2012. (*See* Compl. ¶ 6, ECF No. 1). Contemporaneous with the Complaint, Plaintiff filed an *ex parte* emergency motion for temporary restraining order ("TRO") and a motion for preliminary injunction. (*See* Mot. for TRO, ECF No. 3); (Mot. for Prelim. Inj., ECF No. 4). Plaintiff sought immediate relief upon discovering that Mode Tech, a Chinese corporation, would be promoting products that infringe the '528 Patent at the Live Design International Show and Conference (the "LDI Show") in Las Vegas, Nevada. (Mot. for TRO 1:20–28, 3:13–17).

Relevant to the instant Motion, the Court granted Plaintiff's motion for TRO, enjoining Mode Tech from producing, marketing, and selling products that infringe the '528 Patent and authorizing Plaintiff to seize and impound infringing products with the aid of a U.S. Marshal. (*See* Order Granting TRO 3:3–17, 3:22–5:8, ECF No. 9). The Court ordered that the U.S. Marshal serve a copy of the Court's Order granting the TRO, summons, and Complaint, at Mode Tech's place of business, with Mode Tech's agent, or "at the place where infringing products are found, with any person of suitable age and discretion." (*Id.* 5:15–22). The Court also set forth a briefing schedule on Plaintiff's motion for preliminary injunction and ordered that Plaintiff post a $1,000 bond. (*Id.* 3:13–20).

On October 23, 2018, Plaintiff filed proof of service indicating an employee of Plaintiff's counsel effectuated in-person service upon David Liu ("Liu"), Mode Tech's booth operator at the LDI Show. (Proof of Service 2:5–8, ECF No. 13). The filing also states Liu was served twice through email, and that Mode Tech was served through federal express and certified mail. (*Id.* 1:25–2:3, 2:10–18). Plaintiff subsequently withdrew the proof of service and filed an affidavit from Shayla Whitaker ("Whitaker"), a licensed private investigator and process server, specifying Liu was personally served at the LDI Show on October 20, 2018. (Whitaker Aff., ECF No. 17-4). Plaintiff also filed a notice identifying the allegedly infringing products Plaintiff seized from Mode Tech and items purportedly evidencing infringement. (*See* Notice of Compliance, ECF No. 16).

The Court entered an order to show cause "as to why the Court's [TRO] should not be dissolved for failure to effect service pursuant to the Court's [TRO]." (*See* Minute Order, ECF No. 18). Plaintiff responded with an amended affidavit of service recounting the details of Whitaker's personal service upon Liu and representing that the manner of service was consistent with the Court's TRO. (Am. Aff. of Service, ECF No. 21).

The Court held a hearing on Plaintiff's motion for preliminary injunction at which the Court extended the TRO by fourteen days. (*See* Mins. of Proceedings, ECF No. 22). On October 30, 2018, Plaintiff withdrew its motion for preliminary injunction, stating that upon inspection, the seized chain sprockets "do not appear to show that Mode Tech has infringed the '528 Patent." (Notice of Withdrawal 2:5–9, ECF No. 23). Plaintiff later filed a notice summarizing its efforts to return the non-infringing hoists to Mode Tech, which were unsuccessful due to Plaintiff's inability to discover Mode Tech's contact information. (*See* Notice, ECF No. 26). On November 14, 2018, in response to Plaintiff's counsel's prior emails, Liu responded stating he would be in contact "soon" and would "check with [Mode Tech's] attorney" as to the process for retrieving Mode Tech's seized items. (*See* Liu Email Correspondence, Ex. 1 to Statute Report, ECF No. 27-1).

On February 11, 2019, Mode Tech filed the present Motion, seeking dismissal of this action on the basis that Plaintiff's method of service is improper under the Federal Rules of Civil Procedure. (*See* Mot. to Dismiss ("MTD"), ECF No. 30).

## II.     LEGAL STANDARD

### A. Rule 12(b)(5)

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). As such, Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The plaintiff has the burden of demonstrating that service of process was valid. *See R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996). If service of process is insufficient or otherwise invalid, the court has discretion to dismiss an action or to simply quash service. *See* Fed. R. Civ. P. 4(m); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Filanto Spa*, 920 F. Supp. at 1102. Actual notice of a

lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).

### III. DISCUSSION

Mode Tech moves to dismiss on the basis that Plaintiff's service of process was improperly effectuated. (*See generally* MTD, ECF No. 30). According to Mode Tech, Plaintiff's service was deficient under Rule 4(h)(1)(B) because Plaintiff did not serve an authorized agent, and improper under Rule 4(f)(3) for lack of compliance with the procedures set forth by the Hague Convention, to which China is a signatory. (*Id.* 5:5–9:14).

Plaintiff disputes Mode Tech's contentions, arguing that service of process was proper under both Rule 4(h)(1)(B) and 4(f)(3). (Pl.'s Resp. ("Resp.") 5:1–9:17, ECF No. 41). Alternatively, Plaintiff requests an extension of time to properly serve Mode Tech in the event the Court concludes service was defective. (*Id.* 9:20–10:10).

#### A. Sufficiency of Service of Process

##### *1) Rule 4(h)(1)(B)*

Mode Tech contends that Plaintiff's service ran afoul of Rule 4(h)(1)(B) because Liu has neither express nor implied authority to receive process on Mode Tech's behalf. (MTD 7:9–24). Plaintiff argues that Mode Tech's evidence of Liu's position in the company—Liu's Declaration—contains too many inaccuracies and inconsistencies to carry weight on the question of his authority to accept service of process. (Resp. 5:17–6:4).

Under Rule 4(h)(1)(B), a domestic or foreign corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). "Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of

process." *See Direct Mail*, 840 F.2d at 688 (explaining that the rules governing service of process "are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice."). Accordingly, "service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'" *Id.* (quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977)).

Here, Mode Tech, for its part, has put forth Declarations from Liu and Su Hang, Mode Tech's sales manager and chief executive officer, respectively, establishing the scope of Liu's agency with respect to service of process. (*See* Liu Decl. ¶ 5, ECF No. 31); (Hang Decl. ¶ 3, Ex. A to Reply, ECF No. 42-1). Liu declares that in his capacity as "ordinary sales person," Mode Tech prohibits him from receiving, or signing for, legal service of process. (Liu Decl. ¶¶ 5–6). Hang's Declaration echoes Liu's testimony, stating Liu is a standard "sales representative," rather than an "officer, managing or general agent, or the registered agent," and is without authorization to accept service of process. (Hang Decl. ¶¶ 4–6).

Plaintiff, on the other hand, has not adduced evidence or put forth factual averments to rebut these Declarations in any material way. For example, Plaintiff asserts that the Liu Declaration misstates the process server's gender and falsely claims Liu was not directly served in person. (Resp. 5:23–6:4). The existence of these purported inaccuracies, however, does not negate the uncontroverted evidence that Liu was not authorized to accept service on Mode Tech's behalf in the first instance.

Plaintiff also points out that Mode Tech has been on notice of the pendency of this action since November 2018, shortly after the Court issued the TRO. While the Court recognizes that "Rule 4 is a flexible rule that should be liberally construed so long as a party

receives sufficient notice of the complaint[,]" *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984), substantial compliance is nevertheless required. *See Jes Solar Co. v. Chung*, 725 F. App'x 467, 471 (9th Cir. 2018) ("Service must be completed 'in substantial compliance with Rule 4' even with actual notice.") (quoting *Crowley*, 734 F.3d at 975). That is, notwithstanding Mode Tech's notice of the pendency of this case, Plaintiff must still make a showing that Liu was authorized to receive service of process for Mode Tech or else that Liu's position within Mode Tech is sufficiently consequential such that it would be "fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail*, 840 F.2d at 688. Because Plaintiff has not made such a showing, the Court is without a basis to find substantial compliance under Rule 4(h)(1)(B).

### 2) *Rule 4(f)(3)*

Next, the parties dispute whether Mode Tech was properly served under Rule 4(f)(3). (*See* Resp. 8:1–9:17); (Reply 8:9–9:14). Under this rule, an "individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

Plaintiff contends that because Ninth Circuit courts have authorized service through email on foreign corporations under Rule 4(f)(3), this Court should do the same. (*See* Resp. 8:7–9:3). Plaintiff's position is without merit. This Court did not issue—and Plaintiff did not seek—an order authorizing substituted service under Rule 4(f)(3). Because obtaining a Court order is a prerequisite to application of Rule 4(f)(3), Plaintiff cannot rely upon this rule to validate its attempted service. *See Brockmeyer v. May*, 383 F.3d 798, 808–09 (9th Cir. 2004) (holding service of process ineffective under Rule 4(f)(3) where the plaintiffs failed to seek the

court's affirmative pre-authorization); *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015) ("[Plaintiff] missed a critical step that prevents me from validating this 2012 substituted service: it never obtained a court order authorizing service via email before it sent the August 16, 2012, transmission.").

In summary, Plaintiff's attempt to serve Mode Tech through Liu neither satisfies Rule 4(h)(1)(B) nor Rule 4(f)(3). Nevertheless, the Court declines to dismiss the Complaint on this basis, as Mode Tech requests. Instead, the Court will exercise its discretion by quashing service and permitting Plaintiff to properly serve Mode Tech as directed below. *See Issaquah Sch. Dist.*, 470 F.3d at 1293.

### B. Plaintiff's Request for Leave

Plaintiff requests a seven-day extension of the service deadlines to serve Mode Tech under Rule 4(f)(3). (Resp. 9:20–10:10). Specifically, Plaintiff seeks an order permitting substituted service through which it may serve Mode Tech by emailing Liu and copying Mode Tech's counsel on the correspondence. (*Id.* 10:1–10:10). Mode Tech opposes Plaintiff's request on the ground that the instant suit is frivolous and in contravention of Rule 11. (Reply 9:17–12:15, ECF No. 42). Alternatively, Mode Tech urges the Court to require Plaintiff to effect service pursuant the Hague Convention's procedures and Rule 4(f)(1). (*Id.* 12:16–24).

#### *1) Extension of Time*

District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). In considering whether to grant an extension, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir.1998)).

The Court, in its discretion, will grant Plaintiff a seven-day extension of time to serve Mode Tech. As noted above, there is no dispute that Mode Tech is currently on notice of this action. Additionally, given the modest delay in this case, the Court cannot discern any prejudice Mode Tech would suffer as a result of permitting Plaintiff to properly effectuate service. The only prejudice Mode Tech identifies—having to defend against an allegedly frivolous patent infringement suit—would be realized even if Plaintiff had properly effected service. *Cf. Efaw*, 473 F.3d at 1041. Stated differently, to the extent Mode Tech is prejudiced, it is not attributable to Plaintiff's failure to comply with applicable service-of-process requirements.

### *2) Substituted Service by Email*

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer*, 383 at 805 (9th Cir. 2004) (quoting *Rio Props.*, 284 F.3d at 1016). Service under this rule must "comport with constitutional notions of due process," which require that the method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

The Court finds it appropriate to permit Plaintiff's service upon Liu and Mode Tech's counsel through email. Plaintiff points out that Mode Tech is a Chinese company with no regular presence in the United States and despite three attempts, Plaintiff has been unsuccessful at serving Mode Tech consistent with the Federal Rules of Civil Procedure. (Resp. 8:15–9:17). These efforts satisfy the Court that "the facts and circumstances of the present case necessitate[] the district court's intervention," with respect Rule (4)(f)(3) service. *Rio Props.*, 284 F.3d at 1016.

The Court further finds that service by email is reasonably calculated to apprise Mode Tech of the pendency of this action. Indeed, there is no dispute that Mode Tech is presently on notice of this action. (*See generally* MTD); (*see also* Hang Decl. ¶ 3, Ex. A to Reply, ECF No. 42-1). It is also undisputed that prior to Mode Tech filing the present Motion to Dismiss, Plaintiff and Liu exchanged email messages on the email address to which Plaintiff seeks to address Court-ordered service. (*See* Liu Email Correspondence, Ex. 1 to Statute Report, ECF No. 27-1). These uncontroverted facts persuade the Court that service upon Liu and Mode Tech's counsel through email easily meets the threshold of being "reasonably calculated" to put Mode Tech on notice of this action and to allow Mode Tech an opportunity to mount a defense. *See Rio Props.*, 284 F.3d at 1014–19 (authorizing service upon foreign entity's U.S. counsel under Rule 4(f)(3) where it "seemed clear" counsel was in contact his client); *In Re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M07-1827 SI, 2010 WL 1337743, at *3 (N.D. Cal. Apr. 2, 2010) ("[T]he Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process."); *see also Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (collecting cases).

The Court declines to order that Plaintiff effect service pursuant to the Hague Convention and its corresponding requirements, as Mode Tech urges. (*See* Reply 12:16–14). Rule 4(f)(3), like any other method of service under Rule 4(f), "is merely one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015. Applying this rationale, the Ninth Circuit Court of Appeals has expressly rejected the argument that a party requesting service under Rule 4(f)(3) must first exhaust all feasible alternative means of service. *Id.* at 1014–15. This Court, likewise, rejects Mode Tech's request and will permit Plaintiff to serve Liu and Mode Tech's counsel via email.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Mode Tech's Motion to Dismiss, (ECF No. 30), is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** insofar as it requests that Plaintiff's service of the Complaint, summons, and TRO be quashed pursuant to Rule 12(b)(5). Mode Tech's Motion is **DENIED** with respect to the request for dismissal for failure to effectuate service of process.

**IT IS FURTHER ORDERED** that pursuant to Plaintiff's request, Plaintiff shall have seven (7) days from the filing of this Order to serve Liu and Mode Tech's counsel by email addressed to junling_li@modehoist.com. Plaintiff shall serve a copy of the summons, Complaint, and the Court's Order granting Plaintiff's Motion for TRO. Plaintiff shall file proof of service with the Court within ten (10) days after service is effectuated.

**DATED** this __3__ day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge